**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: | In Proceedings |
| | Under Chapter 7 |
| GARY WAYNE HEDRICK, SR., | |
| REBECCA LYNN HEDRICK, | |
| | Case No. 09-33324 |
| Debtor(s). | |

OPINION

The debtors in this joint chapter 7 case are attempting to use the wife's "wild card" exemption to shelter the entire value of household goods and other items of personal property (hereafter "household goods") that are listed on schedule C as jointly owned. The chapter 7 trustee has objected that the wife may use her "wild card" exemption to protect only the value of her undivided one-half interest in the household goods. The debtors counter that the wife's undivided interest in the whole allows the wife to exempt all of the household goods, including the share belonging to the husband.

The following facts are not disputed. The debtors filed this chapter 7 case on December 18, 2009, and, among other assets, listed the following household goods as jointly owned property on schedule B:

| Type of Property | Current Value |
|---|---|
| 6 beds, 2 dressers, 2 nightstands, 4 chests, chiffarobe, lamp, coffee table, bookshelf, sofa, loveseat, recliner, curio cabinet, desk w/chair, kitchen table w/ 6 chairs, refrigerator, washer, dryer, freezer, microwave, stove | $1,460.00 |

1

| | |
|---|---|
| Technics radio/stereo, Milwaukee radio/stereo, JVC 27" television, Daewoo 19" television, Orion 13" television, Symphonic DVD player, Apex DVD player, Compaq computer, Toshiba laptop computer, Lexmark printer, Hewlett Packard printer | $380.00 |
| Ariens riding lawnmower, Craftsman push lawnmower, 2 BBQ grills, patio furniture, Craftsman weedeater, misc. tools | $450.00 |
| JVC camcorder, Kodak camera, scrapbooking materials | $135.00 |
| Dishes, pots & pans, linens, flatware, small appliances, utensils, misc. household goods | $78.00 |
| Pit Bull dog, mixed-breed dog, turtle, Quaker parrot, guinea pig | $30.00 |

Among other exemptions listed on schedule C, the wife claimed as exempt under Illinois' "wild card" exemption, 735 ILCS 5/12-1001(b),[1] the full schedule B value, totaling $2,533.00, of all of the jointly owned household goods listed above. The husband did not claim an exemption for

---

[1] Illinois' "wild card" exemption provides:

> § 12-1001 Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:
> . . . .
> (b) The debtor's equity interest, not to exceed $4,000 in value, in any other property . . . .

735 ILCS 5/12-1001(b).

any of the household goods listed above.[2]  The debtors' estates have not been consolidated pursuant to 11 U.S.C. § 302(b).

After the trustee filed an objection to the wife's effort to use her "wild card" exemption to protect more than her undivided one-half interest in the joint property, the Court conducted a hearing to consider the objection on June 1, 2010.  The debtors did not file a written response to the objection.  However, the debtors and the trustee appeared and were represented by counsel during the hearing.  Neither counsel presented authority in support of his clients' position.  The trustee argued that a debtor may claim an exemption only in property that he or she owns.  According to the trustee, because the household goods were jointly owned, the wife was limited to claiming an exemption in her one-half share of the household goods.  The debtors argued, nearly verbatim, that they had not encountered this objection before, that there was nothing in the 1978 Bankruptcy Code that restricted how debtors could use their exemptions if they have them, that the situation was equivalent to debtors with joint ownership of a car being forced to use their own respective exemptions on it, and that they had never heard of a trustee being able to tell chapter 7 debtors how they could allocate their exemptions if the exemptions were available to both of them.  The debtors were present in court but their counsel did not request an evidentiary hearing. Following arguments, the Court sustained the trustee's objection[3] and gave the debtors thirty days to amend schedule C.  On June 14, 2010, the Court entered a written order that

---

[2]  In addition to the use of the "wild card" exemption described above, the wife used $933.42 of her "wild card" exemption, and the husband used $3,357.12 of his "wild card" exemption, to shield other individually owned property not at issue here.

[3]  The Court cited the case of *In re Lock,* 329 B.R. 856, 859-60 (Bankr. S.D. Ill. 2005), for the proposition that a debtor may claim an exemption only in property in which he or she has an ownership interest.  The debtors offered no authority to rebut the proposition.

3

allowed the wife to claim as exempt one-half of the value of the jointly held property listed above.

On June 28, 2010, the debtors filed a motion pursuant to Bankruptcy Rule 9023,[4] asking the Court to reconsider and to alter, amend or vacate its June 14, 2010 order. In their motion, the debtors argued that the Court had misapplied Illinois law in holding that the wife had only an undivided one-half interest in the household goods, resulting in her inability to exempt more than her half share of the property. They contended that, instead, Illinois law created a rebuttable presumption that each owner of jointly owned personal property, such as a joint bank account, owned a 100 percent undivided interest in the property. According to debtors, once a co-owner makes a *prima facie* case that personal property is jointly owned, unless rebutted by another co-owner's showing of sole ownership of some portion of the property -- which the husband here did not do -- the joint property is presumed to be jointly owned by each co-owner in its entirety.

The debtors also complained that the Court was arbitrary and capricious in ruling as it did without affording the debtors an evidentiary hearing "to determine what separate interest Mr.

---

[4] Fed. R. Bankr. P. 9023. Rule 9023 provides that Rule 59 of the Federal Rules of Civil Procedure applies in bankruptcy cases, albeit decreasing the time period to bring a motion for a new trial or to alter or amend a judgment from 28 to 14 days in bankruptcy. Rule 59, in turn, provides, in pertinent part:

   (a) **In General**
      (1) **Grounds for New Trial**. The court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows:
         . . . .
         (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
      (2) **Further Action After a Nonjury Trial**. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.
   . . . .
   (e) **Motion to Alter or Amend Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed. R. Civ. P. 59.

Hedrick and Ms. Hedrick each are asserting in the subject household goods" and to prove that the household goods in question were "jointly owned by each of them in their entirety."

The trustee countered that the filing of the debtors' joint case created two separate estates, enabling each debtor to assert his or her exemptions to protect the property that constituted the assets of his or her estate. While the wife was free to exempt her half share of the household goods, she was not entitled to exempt the husband's half interest in this property.

The Court conducted a hearing on July 14, 2010, on the debtors' motion to reconsider. The debtors reasserted their argument, raised for the first time in their written motion to reconsider, that owners of jointly owned property—whether it be "financial accounts," "household goods," "tenants in common," or "real property," each own a 100 percent undivided interest in the whole. After hearing the arguments of counsel, the Court entered an oral order denying the motion to reconsider, with the instant written order to follow.

### **Rule 59**

The Court turns first to the debtors' contention that they were not afforded the opportunity for an evidentiary hearing on June 1, 2010. Here, the debtors transfer to the Court the responsibility for presenting evidence to support their case. Such an argument is not supported by the facts of the case or the law.

The record reflects that the debtors were given ample notice of the issues raised by the trustee's objection to the exemption and a full opportunity to present evidence at the June 1, 2010 hearing, if they chose to do so. The trustee filed the objection to the exemption on May 3, 2010. The basis of the trustee's objection was plainly set forth in the objection as: "Trustee objects for the reason that the assets are jointly owned and the wife can only exempt her half interest." On May 4, 2010, counsel for the debtors was served with electronic notice of the

5

hearing date, thereby giving the debtors nearly a month's time, until June 1, 2010, to prepare their response to the objection. No response was filed by the debtors. At the June 1, 2010 hearing, the debtors were present with counsel. Their counsel presented the barest of arguments,[5] unsupported by any citation to authority, and did not ask to have the debtors testify. The judge did not deny a request for an evidentiary hearing because no request was made.

Nor does the law buttress the debtors' argument. Rule 59 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 59, allows a party to seek reconsideration of matters that have been presented and determined, or are newly discovered. It does not allow a party an opportunity to present evidence or to raise arguments that he or she failed to present earlier. As the Court of Appeals for the 7th Circuit has explained:

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot . . . be employed as a vehicle to introduce new evidence that could have been adduced . . . [previously]. Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

*Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982) (citations and footnote omitted) (emphasis removed), *aff'd*, 736 F. 2d 388 (7th Cir. 1984)).

> Rule 59(e) allows a party to direct the . . . court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors . . . . The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the . . . court prior to the judgment.

---

[5] See page 3, *supra*, for a description of the debtors' arguments at the June 1, 2010 hearing.

6

*Moro v. Shell Oil Co.*, 91 F. 3d 872, 876 (7th Cir. 1996) (citations omitted). Debtors' assertion that they were denied an opportunity to present testimony is not borne out by the record of this case. There was ample opportunity to present evidence and cogent argument on the question of joint ownership at the June 1, 2010 hearing, but the debtors failed to avail themselves of this opportunity.

Moreover, the Court remains perplexed about what the missing testimony would have shown had it been presented. In their motion to reconsider, the debtors argued variously that they needed to show "what separate interest Mr. Hedrick and Ms. Hedrick each are asserting in the subject household goods . . . ." and that the household goods are presumed to be "jointly owned by each of them in their entirety." At the July 14, 2010 hearing, the debtors' counsel stated that, absent evidence to the contrary, Illinois law presumes that co-owners of joint property each hold a 100 percent undivided interest in the whole. Although, as discussed below, there is a unity of possession in jointly held property, it would be mathematically impossible for two or more co-owners to each own 100 percent of the value of the property. Instead, co-owner "A" of a joint bank account is presumed to own 100 percent of its value unless that presumption is rebutted by co-owner "B's" showing that he or she owns a percentage of the account's value, thereby reducing the percentage of value owned by co-owner "A." *See, e.g.*, *In re Cloe*, 336 B.R. 762, 764-65 (Bankr. C.D. Ill. 2006). Since the debtors have argued—albeit incorrectly— that they each hold a 100 percent interest in the household goods, it appears that any testimony to be offered only would have served to defeat the presumption of 100 percent ownership in each co-owner that the debtors were trying to assert.

**Exemption under Illinois Law**

The Court turns next to the debtors' contention that the Court misapplied Illinois law in holding that, because the wife had only an undivided one-half interest in the household goods, she could not claim an exemption for the undivided one-half interest held by her husband. In their motion to reconsider, the debtors interpret Illinois law to mean that each debtor owns an undivided 100 percent share of the household goods, entitling either to exempt the whole of the value of the property given the availability of an exemption to do so. This argument, too, lacks merit.

Although the debtors are correct that their interest in the household goods is defined by state law, *e.g.*, *In re Swiontek*, 376 B.R. 851, 864 (Bankr. N.D. Ill. 2007) (citing *Butner v. United States*, 440 U.S. 48, 55 (1979)), their application of the law is flawed. With certain exceptions not applicable here,[6] the Illinois legislature has abolished joint tenancies with the right of survivorship in personal property unless there is a will or other written instrument expressing an intention to create such a joint tenancy. 765 ILCS 1005/2. By statutory enactment, "the right or incident of survivorship as between joint tenants or owners of personal property is . . . abolished, and all such joint tenancies or ownerships shall . . . be deemed tenancies in common." *Id.* See also 21 ILLINOIS LAW AND PRACTICE *Husband & Wife* § 23, at 248 (Thomson/West 2007) ("in the absence of other clear indicia of ownership, the treatment of household property by the decedent and his wife as their common property constitutes a proper basis for a trial court's finding that the decedent and his wife held the property as tenants in common"). Having

---

[6] The legislature has carved out exceptions for jointly held bank accounts, motor vehicles, real property, shares of stock, and bonds that meet the criteria set forth in the statute. 765 ILCS 1005/2(a)-(e).

8

produced no instrument to show a different intent, the debtors, therefore, hold the household goods as tenants in common.[7]

In contrast to a joint tenancy, which "requires the four unities of time, title, interest and possession, a tenancy in common needs only the unity of possession to exist, in that each cotenant has an equal right to possession and enjoyment of the entire property." 34 ILLINOIS LAW AND PRACTICE *Tenancy in Common* § 1, at 414 (West Group 2001). It is an "[i]nterest in which there is unity of possession, but separate and distinct titles. The relationship exists where property is held by several distinct titles by unity of possession, and is not an estate but a relation between persons, the only essential being a possessory right, as to which all are entitled to equal use and possession." BLACK'S LAW DICTIONARY 1466 (6th ed 1990). "A tenancy in common exists whenever an estate in . . . personal property is owned concurrently by two or more persons under a conveyance or under circumstances which do not either expressly or by necessary implication call for some other form of cotenancy." 34 ILLINOIS LAW AND PRACTICE *Tenancy in Common* § 2, at 414-15. As to the extent of their ownership interest, "[t]enants in common each hold an undivided fractional interest in the property." *In re Blair*, 330 B.R. 206, 212 n.3 (Bankr. N.D. Ill. 2005) (citing *United States v. Craft*, 535 U.S. 274, 279-80 (2002)). In Illinois, those fractional interests are presumed to be equal in the absence of evidence to the contrary.[8]

---

[7] There can be no credible argument made that the household goods are held in tenancy by the entirety since Illinois allows a husband and wife to protect only homestead property in this type of ownership estate. *In re Swiontek*, 376 B.R. at 861(citing *Premier Property Management, Inc. v. Chavez*, 728 N.E. 2d 476, 479 (Ill. 2000)).

[8] *In re Raymond Professional Group, Inc.*, 408 B.R. 711, 738-39 (Bankr. N.D. Ill.), *amended and superseded in part on other grounds by* 410 B.R. 813 (Bankr. N.D. Ill.), *amended in part on other grounds by* No. ADV 07-A-00639, 2009 WL 3152040 (Bankr. N.D. Ill. Sept. 24, 2009); *In re Blair*, 330 B.R. at 212 n.3 (citing *Sturdyvin v. Ward*, 336 Ill. 594, 601 (1929); *Osborne v. Osborne*, 325 Ill. 229, 230 (1927)); 34 Illinois Law and Practice *Tenancy in Common* § 5, at 419. Such evidence might consist of a showing that, in acquiring the property held in tenancy in common, the contributions of the cotenants were not equal. 34 ILLINOIS LAW AND PRACTICE *Tenancy in Common* § 5, at 419-20.

As a result, each cotenant is entitled to no more than his or her fractional share of the whole. Therefore, upon a sale of property held in tenancy in common, each cotenant is entitled to a distribution of the proceeds in accordance with his or her respective interest in the property, 34 ILLINOIS LAW AND PRACTICE *Tenancy in Common* § 5, at 420, a cotenant who collects rents on cotenancy property is required to account to the remaining cotenants for their proportionate shares of the rents, *id.* § 11, at 427, and upon the death of a cotenant, his or her share does not vest in the remaining cotenants but, rather, descends to his or her heirs. 765 ILCS 1005/2; 21 ILLINOIS LAW AND PRACTICE *Husband & Wife* § 24, at 251; BLACK'S LAW DICTIONARY 1465-66 (6th ed 1990).

These attributes of the cotenancy estate are sufficient to dispel the notion that the debtors in the instant case each hold a 100 percent interest in the value of the jointly held personal property. Here, the debtors presented no evidence to show that either husband or wife held a greater share of the value of the household goods than the other spouse. To the contrary, counsel for the debtors argued that each held a 100 percent ownership interest in the value of the household goods, an argument that is mathematically untenable. Without evidence to rebut Illinois' presumption of equal ownership shares, the Court finds that each debtor holds an undivided one-half share in the value of the household goods as a tenant in common.

In fact, the debtors have conflated the concept of their undivided possessory ownership of the whole of the household goods with their fractional interest in the value of the household goods. This is evidenced by the express language of the "wild card" exemption statute, *see supra* note 1, which allows a debtor to exempt, to a limit of $4,000.00, his or her interest "**in value**" in personal property. 735 ILCS 5/12-1001(b) (emphasis added). Although Illinois has not provided a definition of the word "value" in 735 ILCS 5/12-1001, the word is utilized in an

identical fashion in the federal exemption statute, 11 U.S.C. § 522(d), where it is defined to mean the "fair market value" of property as of the date of filing the bankruptcy petition or as of the date that the property becomes property of the estate. *Id.* § 522(a)(2). While the timing of the value determination is not relevant to the Illinois statute, which has applicability both inside and outside the bankruptcy context, the Court finds that "fair market value" suitably describes what is meant by "value" in the Illinois statute. It calls for a determination of the monetary value of personal property. Thus, within the $4,000.00 limit allowed under the Illinois "wild card" statute, 735 ILCS 5/12-1001(b), the wife in this case may exempt her one-half share of the monetary value of the equity interest in the household goods. Her undivided possessory interest in the property is not protected by the statute.

      The issue before the Court can be viewed another way. The filing of a petition in bankruptcy brings all assets into the bankruptcy estate pursuant to § 541(a)(1) of the Bankruptcy Code. 11 U.S.C. § 541(a)(1); s*ee, e.g.*, *Matter of Paeplow*, 972 F. 2d 730, 736-37 (7th Cir. 1992). Thereafter, notwithstanding their initial inclusion in the estate, a debtor in bankruptcy in Illinois may utilize the state's exemption statutes to protect his or her assets to the extent permitted by law. 735 ILCS 5/12-1201; *see, e.g., In re Mukhi*, 246 B.R. 859, 862-63 (Bankr. N.D. Ill. 2000). Although joint debtors must use the exemptions available under Illinois law, 11 U.S.C. § 522(m) makes clear that each of the joint debtors is entitled to claim exemptions in his or her own right. Moreover, the filing of a joint bankruptcy petition does not cause the automatic substantive consolidation of the debtors' respective estates. E.g., *In re Chandler*, 148 B.R. 13, 15 (Bankr. E.D. N.C. 1992). While § 302(a) of the Bankruptcy Code authorizes a husband and wife to file a joint bankruptcy petition, routinely leading to joint administration of the two estates, joint administration simply means that the estates may be combined for purely

administrative functions using a single docket.  2 COLLIER ON BANKRUPTCY ¶ 302.02[1][b], at 302-7 (16th ed. 2010).  However, the two estates remain separate, with each debtor required to separately schedule his or her assets, liabilities and exemptions.  *Id.*

That is the situation at hand.  Here, there has been no request to consolidate the debtors' estates and, therefore, the two estates remain separate.  Consequently, upon filing, the husband's fractional share of the household goods became an asset of his estate and he became able to exempt his share of the property to the extent that he had available exemptions to use.  However, the husband chose not to protect his one-half interest in the value of the household goods.  Given that he did not claim his share as exempt, the chapter 7 trustee became entitled to claim the husband's fractional share of the value of the household goods.  *In re Swiontek*, 376 B.R. at 864 (citing *Fowler v. Shadel*, 400 F.3d 1016, 1018 n.1 (7th Cir. 2005); 11 U.S.C. § 704(a)(1)).

The Court's decision is further supported by § 363(h), which authorizes the trustee to sell both the estate's interest and the interest of any co-owner in property.  The value of the property would be the sale proceeds received.  As a tenant in common, a debtor would only be able to exempt one-half of the value.  The balance would be held by the trustee.  To claim the debtor would have an undivided interest in the whole would effectively allow debtor to claim an exemption in property that is not hers.

The Court is not dissuaded from its decision by the cases that the debtors have cited of late to bolster their argument that a debtor may exempt the whole of jointly owned property based on having an undivided interest in the whole.  None of these cases involve tenancies in common in which the sole unity is a possessory interest in the property.  *Society of Lloyd's v. Collins*, 284 F. 3d 727 (7th Cir. 2002) (ownership of joint bank account); *In re Tucker*, No. 10-B-70321, 2010 Bankr. LEXIS 1388 (Bankr N.D. Ill. May 10, 2010) (ownership of jointly held bank

account); *In re Browning*, No. 10-70066, 2010 WL 1541629 (Bankr. C.D. Ill. April 19, 2010) (automobile titled in joint tenancy with right of survivorship); *In re Cloe*, 336 B.R. 762 (ownership of bank account identified as "joint – with survivorship (and not as tenants in common)"); *Leaf v. McGowan*, 141 N.E. 2d 67 (Ill. App. Ct. 1957) (ownership of jointly held bank account).  The Court leaves for another day the question of the treatment of personal property held in joint ownership that is not a tenancy in common.

For the reasons stated above, the Court finds that the debtor wife may use the "wild card" exemption to protect only her one-half share of the household goods held in tenancy in common with her husband.

SEE WRITTEN ORDER.


ENTERED: August 17, 2010

/s/ Laura K. Grandy
───────────────────────────────
UNITED STATES BANKRUPTCY JUDGE